UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED REAPER,<br><br>    Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>    Defendant. | Case No. 21-cv-05876-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 40 |

Pending before the Court is Defendant ACE American Insurance Company's second motion to dismiss. Dkt. No. 40. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

## I.   BACKGROUND

### A.   Factual Allegations

The parties are familiar with the facts of this case. Plaintiff Red Reaper made a voluntary bone marrow donation to the National Marrow Donor Program ("NMDP") on March 15, 2012. *See* Dkt. No. 40 ("FAC") at ¶ 1. ACE issued an insurance policy to NMDP (the "Policy"), which provides for both temporary and permanent disability benefits to eligible donors. *See id.* at ¶¶ 1, 10–15; *see also* Dkt. No. 11-3 ("ACE Policy"). In June 2012, Plaintiff inquired with NMDP about submitting a disability claim under the Policy given the pain he experienced following the procedure. *See id.* at ¶¶ 2, 18–21. He states that he submitted the required forms to NMDP, but NMDP dissuaded him from filing a claim with ACE. *See id.* at ¶¶ 2, 24, 26–27. NMDP explicitly told him that he was not covered under the Policy, and did not submit his claim to ACE. *See id.* at ¶ 30. Plaintiff acknowledges that he had no communication with ACE during this process. *See id.*

at ¶ 28. Believing that he could not receive disability benefits under the Policy, Plaintiff continued to work over the next few years. *See id.* at ¶¶ 43, 48–51.

Over eight years after the initial bone marrow procedure and his correspondence with NMDP, Plaintiff's counsel submitted a claim for Plaintiff's continued disability under the Policy on September 24, 2020. *See id.* at ¶ 39. On February 11, 2021, ACE denied Plaintiff's claim. *See id.* at ¶ 59. Plaintiff alleges that he is entitled to both temporary and permanent disability benefits under the Policy, and brings causes of action against ACE for (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) constructive fraud; (4) negligent misrepresentation; (5) negligence; and (6) fraudulent concealment. *See id.* at ¶¶ 60–117.

### B. Procedural History

On January 12, 2022, the Court granted ACE's first motion to dismiss. As relevant to this motion, the Court found that Plaintiff's asserted claims were untimely on the face of the complaint. *See* Dkt. No. 26. The Court explained that Plaintiff "had until August 15, 2020, to file a lawsuit for benefits under the Policy," "[b]ut he did not file this action until July 2021." *See id.* at 8. The Court rejected Plaintiff's arguments that ACE should be estopped from relying on the contractual limitations period. Specifically, to the extent Plaintiff suggested that NMDP acted as ACE's agent in dissuading him from submitting a timely claim, the Court found that Plaintiff failed to allege any facts to support this contention. *See id.* at 9–10.

Plaintiff filed his First Amended Complaint, and ACE again moves to dismiss the claims as untimely.[1] *See* Dkt. No. 40. Plaintiff responds that the FAC now contains ample allegations to support his contention that NMDP was acting as ACE's agent when it dissuaded Plaintiff from submitting a claim. *See* Dkt. No. 45. He urges, therefore, that the doctrines of equitable tolling and equitable estoppel should apply. *Id.*

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

---

[1] In the FAC, Plaintiff also sued NMDP for the first time. *See* FAC. Plaintiff voluntarily dismissed NMDP from this action in May 2022, and ACE is the only defendant that remains. Dkt. No. 53.

1  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A
2  defendant may move to dismiss a complaint for failing to state a claim upon which relief can be
3  granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the
4  complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."
5  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule
6  12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible
7  on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible
8  when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that
9  the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
10  In reviewing the plausibility of a complaint, courts "accept factual allegations in the
11  complaint as true and construe the pleadings in the light most favorable to the nonmoving party."
12  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless,
13  courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of
14  fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
15  2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**III.   DISCUSSION**

17  At least as alleged, NMDP told Plaintiff that he would not be covered under the Policy,
18  and thus dissuaded him from filing a claim. *See* FAC at ¶ 2, 24, 26–27, 30. The critical question
19  before the Court is whether Plaintiff has sufficiently alleged that NMDP acted as ACE's agent. If
20  he has, then the doctrines of equitable tolling and equitable estoppel may preclude ACE from
21  invoking the contractual limitations period. *See* Dkt. No. 50 at 7–9.
22  Under California law, an agency relationship may either be "actual or ostensible." Cal.
23  Civ. Code § 2298. "An agency is actual when the agent is really employed by the principal." Cal.
24  Civ. Code § 2299. Ostensible authority, on the other hand, "arises as a result of *conduct of the*
25  *principal* which causes the third party reasonably to believe that the agent possesses the authority
26  to act on the principal's behalf." *Tomerlin v. Canadian Indem. Co.*, 61 Cal. 2d 638, 643 (Cal.
27  1964) (emphasis added); *see also* Cal. Civ. Code § 2300. Critically, an agency relationship cannot
28  be established solely by "the representations or conduct of the purported agent . . . ." *Am. Way*

United States District Court
Northern District of California

3

*Cellular, Inc. v. Travelers Prop. Cas. Co. of Am.*, 216 Cal. App. 4th 1040, 1053 (Cal. Ct. App. 2013). There must be some conduct on the part of the alleged principal. *See id.*; *cf. van't Rood v. Cnty. of Santa Clara*, 113 Cal. App. 4th 549, 571 (Cal. Ct. App. 2003) ("The principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on his behalf and subject to his control."). Such evidence, however, may be circumstantial. For example, "[o]stensible authority may be established by proof that the principal approved prior similar acts of the agent." *Chicago Title Ins. Co. v. AMZ Ins. Servs., Inc.*, 188 Cal. App. 4th 401, 426 (Cal. Ct. App. 2010) (quotations omitted). Additionally, "[w]here the principal knows that the agent holds himself out as clothed with certain authority, and remains silent, such conduct on the part of the principal may give rise to liability." *Id.* (quotations omitted).

Here, Plaintiff first asserts that NMDP was actually employed by ACE or had actual authority to make coverage determinations as ACE's claim administrator. *See* Dkt. No. 45 at 3–4, 8–9. Plaintiff alleges that "NMDP routinely and as a normal practice, with the full knowledge, consent and approval of Ace, acted as claims administrator for Ace." FAC at ¶ 20. Plaintiff acknowledges that this is pled purely based on "information and belief" because the facts "are peculiarly within the possession and control of the Defendants . . . ." *Id.* The Ninth Circuit has held that the plausibility standard under *Twombly* and *Iqbal* "does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant . . . ." *Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (citing *Arista Record LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010)). However, "such latitude does not mean that conclusory allegations are permitted." *See Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-CV-00933-MMC, 2020 WL 1877707, at *4, n.10 (N.D. Cal. Apr. 15, 2020) (quotations omitted). Plaintiff must still plead sufficient facts to make plausible the inference that NMDP was ACE's agent. But he does not identify any factual allegations to support this contention.

To the contrary, the emails that Plaintiff cites suggest that ACE—not NMDP—ultimately decided Plaintiff's claim. *See, e.g.*, FAC at ¶ 26 ("Without a physician statement, *our insurance provider* will not accept the claim. Even with a physician statement, *the insurance company* has

4

the right to request all medical records and could request an independent medical exam to determine if you are totally disabled or not.") (emphasis added). And once Plaintiff submitted a claim, ACE was the entity who denied it. *See id.* at ¶¶ 39, 59.

Plaintiff next suggests that he sufficiently alleged that NMDP had ostensible authority when it dissuaded him from filing a claim. Dkt. No. 45 at 7–11. As explained above, ostensible authority turns on the conduct of the alleged principal—*i.e.*, ACE—and not the purported agent's conduct. *See Am. Way Cellular*, 216 Cal. App. 4th at 1053. Yet critically, Plaintiff does not allege what ACE did to suggest that NMDP was its agent. Plaintiff cites several emails from NMDP, *see* FAC at ¶¶ 32–34, 36–37, but there are no allegations that ACE was involved in or even aware of this correspondence. Nor does Plaintiff allege that ACE had any prior knowledge that NMDP had assessed Plaintiff's claim on its behalf or had previously assessed any other donor's coverage under the Policy. Rather, the complaint alleges that Plaintiff's counsel only contacted ACE in September 2020, after the contractual limitations period had already ended. *See* FAC at ¶¶ 39–40, 42, 58–59; *see also* Dkt. No. 40-3, Ex. 1. And rather than deferring to NMDP as some kind of claim administrator or agent, the correspondence—which Plaintiff quotes directly in the complaint and in his opposition—states that ACE requested Plaintiff's documents to review and process itself. *Id.* at ¶ 39 ("Once we have reviewed th[e] materials [Plaintiff submitted to NMDP] in conjunction with the information provided by counsel, we will be in a position to determine if benefits are owed under the policy."); *see also* Dkt. No. 45-4, Ex. B.

Plaintiff repeatedly points out that NMDP provided him with ACE claim forms and that ACE ultimately received this form from NMDP. *See* Dkt. No. 45 at 1, 4, 9, 15–16. Plaintiff cites *Preis v. American Indemnity Co.*, 220 Cal. App. 3d 752, 761–63 (Cal. Ct. App. 1990), to argue that providing forms to an alleged agent is somehow sufficient to establish ostensible authority. *See id.* at 9. Plaintiff overreads this case.

In *Preis*, the plaintiff sued an insurer for refusing to pay insurance proceeds following a fire that damaged the plaintiff's property. *Preis*, 220 Cal. App. 3d at 755. The property had been insured under a policy issued by an insurance broker. *Id.* at 756. The plaintiff purchased the property, and the insurance broker prepared a certificate of insurance naming the plaintiff as the

5

1   new insured and an endorsement formally amending the policy.  *Id.*  After the fire, the insurer
2   denied coverage, arguing that the policy had been canceled when the property changed ownership.
3   *Id.*  The California Court of Appeal found that there was a triable issue of fact that precluded
4   summary judgment as to whether the insurance broker had ostensible authority to amend the
5   policy.  *Id.* at 761–62.  There was evidence that the insurer had given the broker the certificate of
6   insurance forms, which by nature of the form allowed the broker to issue certificates of insurance
7   on the insurer's behalf.  *Id.*  There was also evidence that the broker was authorized to issue and
8   had issued hundreds of other certificates of insurance.  *Id.*

9   The court in *Preis* did not find that just any form could confer an agency relationship.  And
10  Plaintiff does not explain how a certificate of insurance is comparable to the claim form at issue in
11  this case.  At least on the record before the Court, the claim form does not entitle anyone to
12  benefits under the Policy.  Nor does it indicate who has authority to receive or review it.  But even
13  if a claim form was analogous to a certificate of insurance, Plaintiff does not allege that ACE gave
14  NMDP the forms, directed NMDP to provide them to possible beneficiaries, or authorized NMDP
15  to review them.  Plaintiff also does not allege that ACE was somehow aware of NMDP's practices
16  but failed to stop NMDP's conduct.  The two cases are simply not analogous.

17  It is not enough for Plaintiff to allege that he is "informed and believes" that NMDP had an
18  agency relationship with ACE.  *See, e.g.*, FAC at ¶¶ 40, 89, 97 ("[T]he claim was initiated and
19  received by NMDP as Ace's agent/claims representative . . . .").  These are unsupported legal
20  conclusions that are not based on plausible factual allegations.  At most, Plaintiff has alleged that
21  he was led to believe by NMDP that it had the authority to determine coverage under the Policy,
22  not that ACE granted this authority.  As Plaintiff's own authorities caution, however, "[p]ersons
23  dealing with an assumed agent are bound at their peril to ascertain the extent of the agent's
24  authority."  *van't Rood*, 113 Cal. App. 4th at 573 (quotation omitted).  Even construing the
25  complaint in the light most favorable to Plaintiff, as the Court must at this stage, the Court finds
26  that Plaintiff again has not alleged sufficient facts to support his contention that NMDP was acting
27  as ACE's agent when it dissuaded Plaintiff from filing a claim.
28  //

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the motion to dismiss. Given the nature of the deficiencies in this case and the number of opportunities Plaintiff has had to amend his complaint, the Court is skeptical that Plaintiff will be able to cure the complaint with additional allegations without contradicting what he has already pled. Nevertheless, the Court cannot say that amendment necessarily would be futile. The Court therefore grants Plaintiff leave to file one last amended complaint within 21 days of the date of this order if he may do so consistent with counsel's Rule 11 obligations.

**IT IS SO ORDERED.**

Dated: 8/12/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge