UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED REAPER,<br><br>    Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>    Defendant. | Case No. 21-cv-05876-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 59 |

Pending before the Court is Defendant ACE American Insurance Company's third motion to dismiss. Dkt. No. 59. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

**I.    BACKGROUND**

The parties are familiar with the facts of this case. Plaintiff Red Reaper made a voluntary bone marrow donation to the National Marrow Donor Program ("NMDP") in March 2012. *See* Dkt. No. 56 ("SAC") at ¶ 1. ACE issued an insurance policy to NMDP (the "Policy"), which provides for both temporary and permanent disability benefits to eligible donors. *See id.* at ¶¶ 1, 10–17; *see also* Dkt. No. 11-3 ("ACE Policy"). Plaintiff states that NMDP explicitly told him that he was not covered under the Policy and dissuaded him from submitting his claim. *See id.* at ¶¶ 2, 21–22, 27, 29. Over eight years later, Plaintiff's counsel submitted a claim for Plaintiff's continued disability and ACE denied the claim. *See id.* at ¶¶ 42, 58–59.

In January 2022, the Court granted ACE's first motion to dismiss. *See* Dkt. No. 26. As relevant to this motion, the Court found that Plaintiff's asserted claims were untimely on the face of the complaint. *See id.* Plaintiff suggested that NMDP acted as ACE's agent in dissuading him

from submitting a timely claim, such that ACE should be estopped from relying on the contractual limitations period in the Policy. But the Court rejected this argument because Plaintiff failed to allege any facts to support this contention. *See id.* at 9–10.

Plaintiff amended his complaint, and the Court again found that Plaintiff had failed to allege any facts to support his contention that NMDP was acting as ACE's agent when it dissuaded Plaintiff from submitting a claim.[1]  *See* Dkt. No. 55. Plaintiff amended his complaint yet again, and the Court now considers the third motion to dismiss in this case. *See* Dkt. No. 59.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

---

[1] In the FAC, Plaintiff also sued NMDP for the first time. *See* Dkt. No. 30 ("FAC"). Plaintiff voluntarily dismissed NMDP from this action in May 2022, and ACE is the only defendant that remains. Dkt. No. 53.

**III.  DISCUSSION**

As before, the critical question before the Court is whether Plaintiff has sufficiently alleged that NMDP acted as ACE's agent.  The Court finds that he has not, and his claims are thus untimely.  *See generally* Dkt. No. 26 (order explaining untimeliness of Plaintiff's claims); Dkt. No. 55 (order explaining insufficiency of Plaintiff's agency allegations).

The allegations in the SAC are nearly identical to those that the Court found insufficient in the FAC.  *See* Dkt. No. 55.  Plaintiff has only added the following new allegations, all alleged "on information and belief":

- *On information and belief*, Ace provided disability claims forms to NMDP and authorized and instructed NMDP to provide and utilize the forms as its claims agent to provide to claimants as required to gather claims information on behalf of ACE and authorized NMDP to review the forms when they were completed and to make representations on its behalf regarding the disability claim at issue.  On information and belief, Ace was aware that NMDP was using the disability claims forms to accept disability claims on its behalf and did nothing to stop NMDP from using the forms or making representations about disability claims on its behalf.

- *On information and belief*, Ace was aware of the June 27, 2012 Mathison email [sent by NMDP employee, Christine Mathison] and NMDP's intention [to] make the representations stated therein to Plaintiff and it did nothing to stop NMDP from so acting.

- *On information and belief*, Ace was aware of and authorized the July 5, 2012 email that Mr. McDermott [an NMDP employee] sent Mr. Reaper.

*See* SAC at ¶¶ 20, 26, 28 (emphasis added).

Plaintiff acknowledges that allegations pled on information and belief must still be supported by a "factual foundation leading to that belief . . . ."  *See* Dkt. No. 65 at 8.  Yet he fails to identify any such support.  In his opposition, Plaintiff appears to suggest that his prior allegations are sufficient, at least when read together with the three new paragraphs above.  He contends that "the various emails, Ace's provision of the claim forms to NMDP and facts alleged in the SAC all support the allegations made under information and belief."  *See id.* at 2.  The Court is not persuaded, and declines Plaintiff's invitation to reconsider its prior orders.

1    The SAC—just like the FAC—excerpts emails from within NMDP and from NMDP to
2    Plaintiff and his counsel. *See* SAC at ¶¶ 22–23, 25, 27, 30, 33, 36–37. But as the Court explained
3    in its last order, "there are no allegations that ACE was involved in or even aware of this
4    correspondence." *See* Dkt. No. 55 at 5. And on their face these emails still suggest that ACE—
5    not NMDP—ultimately decides donors' claims. *See, e.g.*, SAC at ¶¶ 25, 27 ("Without a physician
6    statement, *our insurance provider* will not accept the claim.") (emphasis added). And despite
7    Plaintiff's suggestion otherwise, the subsequent emails from ACE—which were also included in
8    the FAC—do not prove that NMDP was its agent. *See id.* at ¶¶ 38–39. Rather, they state that
9    ACE was awaiting Plaintiff's claim materials for its own review. *Id.* The SAC also contains no
10   factual support for Plaintiff's assertion that ACE authorized NMDP to provide and review claim
11   forms.

12   To the extent Plaintiff suggests that the facts giving rise to an agency relationship are only
13   in ACE's or NMDP's possession, *see id.* at 9, this too is not enough. "Although the Court, in
14   evaluating allegations made on information and belief, may consider whether facts are peculiarly
15   within the possession and control of the defendant, such latitude does not mean that conclusory
16   allegations are permitted." *See Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-CV-
17   00933-MMC, 2020 WL 1877707, at *4, n.10 (N.D. Cal. Apr. 15, 2020) (quotations omitted). The
18   allegations in the SAC do not plausibly allege an agency relationship between ACE and NMDP.

19   Two months after the briefing on the motion to dismiss concluded, Plaintiff filed a
20   purported "supplemental response" to the motion. *See* Dkt. No. 67. The supplemental response
21   contains two declarations from NMDP employees Chris Mathison and Suzanne Sauer. *See* Dkt.
22   Nos. 67-1, 67-2. Plaintiff did not seek Court approval to submit this supplemental brief, and his
23   filing was thus improper. *See* Civil L.R. 7-3(d) ("Once a reply is filed, no additional memoranda,
24   papers or letters may be filed without prior Court approval . . . ."). Ordinarily the Court would
25   strike this filing, and the Court strongly cautions Plaintiff's counsel that if they ever appear before
26   this Court again, they must scrupulously comply with all Local Rules. But even considering these
27   two improperly-filed new declarations, Plaintiff still has not identified any facts that would
28   support an inference that ACE and NMDP had an agency relationship.

1    Plaintiff suggests that these declarations establish that "Ace was aware of and authorized
2    NMDP to screen and reject some applications for benefits under the Policy before NMDP
3    submitted the claim forms to Ace for determination of whether to pay benefits." *See* Dkt. No. 67
4    at 2. This mischaracterizes the declarations. The declarations state:

> The NMDP disability claims process under the Ace policy generally included the following steps: the NMDP would (i) receive notice of a potential claim from a donor, (ii) send the donor insurance claim forms to complete, (iii) receive completed insurance claim forms from the donor, and (iv) verify that the person actually was an NMDP-registered bone marrow or peripheral blood stem cell donor and that the donor claimed that he or she sustained an injury resulting from the donation process. *The NMDP would then send the donor's completed claim forms to Ace for adjudication of coverage determination*, and if Ace found it to be a covered claim, administration of benefits under the policy. Ace was aware of and authorized the NMDP to engage in the disability claims process described above. Ace was also aware that the NMDP would answer questions a donor might have about the policy and authorized the NMDP to do so.

*See* Dkt. No. 67-1 at ¶ 5 (emphasis added).

Much like the emails discussed above, these declarations indicate that ACE—not NMDP—reviewed claims and made coverage determinations. Even read liberally, the declarations simply indicate that (1) NMDP provided donors with claim forms, would answer questions about NMDP's Policy, and would submit completed forms to ACE on donors' behalf; and (2) ACE was aware of this process. Critically, Plaintiff fails to explain how such conduct establishes that NMDP was ACE's agent when it dissuaded Plaintiff from filing a claim. Plaintiff cites no authority for the idea that providing claim forms to an alleged agent is somehow sufficient to establish actual or ostensible authority, and the Court is not aware of any. *See* Dkt. No. 55 at 5–6 (distinguishing certificates of insurance in *Preis v. American Indemnity Co.*, 220 Cal. App. 3d 752, 761–63 (Cal. Ct. App. 1990)). Even if Plaintiff were to amend the complaint to include the information contained in these declarations, it would not be enough to plausibly allege an agency relationship between ACE and NMDP.

**IV.   CONCLUSION**

Accordingly, the Court **GRANTS** the motion to dismiss. Plaintiff has had ample

opportunity to allege sufficient factual allegations to support its assertion that NMDP acted as ACE's agent, but has failed to do so. The Court finds that granting leave to amend would be futile, and therefore **DISMISSES** the case without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotation omitted)). The Clerk is therefore directed to enter judgment in favor of Defendant ACE American Insurance Company and to close the case.

**IT IS SO ORDERED.**

Dated: 2/2/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge